IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Case No. CR-14-193-R |
| ROBERT WILLIAMS, JR., | ) |
| Defendant. | ) |

## ORDER

Before the Court is Defendant Robert Williams, Jr.'s Motion to Withdraw Alford Plea (Doc. No. 29). Defendant seeks to withdraw his *Alford* Plea[1] (Doc. No. 22) and Waiver of Jury Trial (Doc. No. 23), on the basis that he only plead guilty based on the Government's incorrect belief that certain enhancements would not apply when determining his sentence.

During discussions regarding a possible plea, defense counsel notified the Government that he had calculated an offense level range of 31-36 points. Because this range resulted in a minimum guideline of 11 years in prison, defense counsel explained to the Government, his client was unwilling to accept the plea offer. The Government's attorney responded that she estimated a lower offense level of 21 because she believed that certain enhancements would not apply under the facts of the case. This resulted in a

---

[1] Endorsed by the Supreme Court in *North Carolina v. Alford*, a defendant entering an *Alford* Plea maintains his innocence while admitting that he could be convicted of the crime charged. *See North Carolina v. Alford,* 400 U.S. 25, 37, (1970) ("An individual accused of [a] crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime.")

1

range of 3.8-4.75 years. Defense counsel deferred to the Government's opinion and estimations. Believing this lower range would apply, Defendant agreed to enter a plea. Because he maintained that he was innocent, Defendant entered an *Alford* Plea.

Following Defendant's entry of the *Alford* Plea, the United States Probation Office filed its presentence report which recommended an offense level of 31 points based in part on the type of enhancement which counsel for both sides opined would not apply. Defense counsel approached the Government attorney to file a joint objection to the report, which she declined to do.

Following these events, Defendant now asks the Court permission to withdraw his *Alford* Plea. A motion to withdraw a guilty plea before sentencing should be freely allowed, so long as a defendant shows a "fair and just reason." Fed. R. Crim. P. 11(d)(2)(B); *United States v. Hamilton*, 510 F.3d 1209, 1213-14 (10th Cir. 2007). The Tenth Circuit considers seven factors to determine whether a fair and just reason exists: "(1) whether the defendant has asserted his innocence; (2) whether withdrawal would prejudice the government; (3) whether the defendant delayed in filing his motion, and if so, the reason for the delay; (4) whether withdrawal would substantially inconvenience the court; (5) whether close assistance of counsel was available to the defendant; (6) whether the plea was knowing and voluntary; and (7) whether the withdrawal would waste judicial resources." *United States v. Byrum*, 567 F.3d 1255, 1264 (10th Cir. 2009).

Factors (1) and (3) clearly weigh in favor of withdrawal. As Defendant has entered an *Alford* Plea, there is no question that he has asserted his innocence and he has demonstrated that he did not delay in filing his motion.

2

Factors (5) and (6) also favor withdrawal of the *Alford* plea. Defendant was misled both by his attorney and the Government into believing that certain enhancements would not apply to his guideline range, and entered an *Alford* plea based on this understanding. These mistakes were not insignificant and prejudiced defendant. The Court is particularly troubled by the Government's role in causing this confusion. Further, because Defendant relied on these errors when entering his plea, it was not done knowingly or voluntarily.

The Court finds the remaining factors, (2) whether withdrawal would prejudice the government, (4) whether withdrawal would substantially inconvenience the court, and (7) whether the withdrawal would waste judicial resources, do not preclude withdrawal.

## IV. Conclusion

In accordance with the foregoing, Defendant's Motion to Withdraw Alford Plea, (Doc. No. 29) is GRANTED. The case is set for trial on **May 10, 2016** at 9:30 a.m. Motions in Limine and Proposed Jury Instructions due **May 6, 2016.**

IT IS SO ORDERED this 29th day of April, 2016.

*[Signature]*

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE